UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ZALUSKY,<br><br>                              Plaintiff,<br><br>v.<br><br>FRANK J. BISIGNANO,<br><br>                              Defendant. | Case No.:  26-cv-1067-RSH-LR<br><br>**ORDER (1) DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS, (2) DISMISSING COMPLAINT, AND (3) DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT**<br><br>[ECF Nos. 3, 6] |

On February 19, 2026, plaintiff Daniel Zalusky, proceeding *pro se*, initiated this action and filed a motion to proceed *in forma pauperis* ("IFP"). ECF Nos. 1 ("Compl."); 3 (IFP motion).

## I.      MOTION TO PROCEED IFP

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a)(1). *See Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011) ("All persons, not

just prisoners, may seek IFP status."); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing an inability to pay the required filing fee. 28 U.S.C. § 1915(a). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life[.]" *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

Here, Plaintiff represents that his gross wages are $1.20 per month, and his take-home pay is $0 per month, but his monthly expenses are $150 per month for housing and $50 for transportation. Plaintiff further represents that over the last 12 months, he has not received income from other sources. Although there may be an adequate explanation, without further information these discrepancies render the application incomplete and/or not credible. Accordingly, based on the lack of "particularity, definiteness and certainty" in the information provided, the Court is not persuaded that Plaintiff lacks the funds to pay the filing fee and "still afford the necessities of life." *Escobedo*, 787 F.3d at 1234. The Court therefore denies the IFP motion based on the limited information provided, without prejudice to Plaintiff renewing the motion using the Court's long form IFP application.

## II.    SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

### A.    Legal Standard

A complaint filed by any person seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to sua sponte review and dismissal should the Court determine, inter alia, that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners."). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th

Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### B.   Discussion

The Complaint alleges that the Social Security Administration wrongfully terminated Plaintiff's social security and Medicare benefits through acts of deliberate fraud.  ECF No. 1 at 2. Plaintiff seeks reinstatement of his disability and Medicare benefits, payment of past benefits due, and compensatory damages for the trouble that the Social Security Administration caused Plaintiff. *Id.* at 3.

Claims arising under the Social Security Act may only be brought in federal court pursuant to the judicial review provisions set forth in 42 U.S.C. section 405(g). Judicial review pursuant to Section 405(g) requires a "final decision of the Commissioner of Social Security." 42 U.S.C. § 405(g). To obtain a final SSA decision, a claimant must complete the process of administrative review. *See* 20 C.F.R. § 404.900(a). The ALJ's decision does not become final until the claimant requests review before an Appeals Council, and the Appeals Council either grants or denies review. 20 C.F.R. § 404.900. "The Appeals Council's decision, or the decision of the [ALJ] if the request for review is denied, is binding unless [the claimant files] an action in Federal district court, or the decision is revised." *Id.* § 404.981.

Here, upon review, the Complaint contains no allegations regarding compliance with the administrative exhaustion requirements under 42 U.S.C. § 405(g). Plaintiff states in conclusory terms that "I was denied my legal right to an appeal," but provides no further explanation. ECF No. 1 at 2. The Complaint is therefore subject to dismissal for failure to adequately establish exhaustion of remedies.  *See Rodriquez v. Astrue*, 301 F. App'x 723, 724 (9th Cir. 2008) (explaining that a claimant must exhaust his administrative remedies by completing a four-step administrative review process prior to federal judicial review);

26-cv-1067-RSH-LR

*Wilson v. Astrue*, 333 F. App'x 179, 180 (9th Cir. 2009) (affirming district court's judgment dismissing plaintiff's social security appeal because she failed to exhaust her administrative remedies); *John K. D. v. Soc. Sec.*, No. 22CV1042-RBB, 2022 WL 3219420, at *3 (S.D. Cal. Aug. 9, 2022) (dismissing plaintiff's social security appeal for failure to exhaust his administrative remedies).

## III.   CONCLUSION

For the foregoing reasons, Plaintiff's motion to proceed IFP [ECF No. 3] is **DENIED** without prejudice. The Complaint [ECF No. 1] is **DISMISSED** with leave to amend. Defendant's Motion to Dismiss [ECF No. 6] is **DENIED** as moot, and the briefing schedule previously set by the Court on that motion is **VACATED**.

If Plaintiff wishes to proceed in this case, he must, by **no later than May 13, 2026** (1) file an amended complaint curing the deficiencies discussed above **AND** (2) either (a) prepay the required filing fee or (b) complete and file a properly supported motion to proceed IFP. If Plaintiff wishes to proceed IFP, the Court directs Plaintiff to fully complete Form AO 239 (rev. 01/15), "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)," which is available on the Court's website. Failure to comply with the Court's Order will result in dismissal of the instant action without prejudice. Plaintiff's amended complaint must be complete by itself without reference to the original pleading. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

**IT IS SO ORDERED.**

Dated: April 13, 2026

_Robert S. Huie_
Hon. Robert S. Huie
United States District Judge

26-cv-1067-RSH-LR